**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ROOSEVELT PARKER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-2800** |
| **STATE OF LOUISIANA** | **SECTION "I"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Roosevelt Parker, a state prisoner, filed this civil action pursuant to 42 U.S.C. § 1983 against the State of Louisiana.  In his complaint, he states his claim as follows:  "That I was charged twice (double jeopardy) for the 'same charge.'  No one else involved but me 'double jeopardy.'  Please see the attached sheet (claim via lawyer) & M.P.R. 'Rap Sheet.'"[1]  In his prayer for relief, plaintiff states:  "Correct this injustice and correct my sentencing!  I have tried just about everything possible & have 'exhausted my resources' of all legal procedures and process.  I will forward this to the D.O.C. and hopefully be released."[2]

### I.  Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks

---

[1]    Rec. Doc. 1, p. 4.  The Court notes that there was no attachment submitted with the complaint.

[2]    Rec. Doc. 1, p. 4.

redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. §

1915A(a).  Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any
> portion of the complaint, if the complaint –
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief
>> may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit,

federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the
> court shall dismiss the case at any time if the court determines that ... the action or
> appeal –
>
>> (i) is frivolous or malicious;
>> (ii) fails to state a claim on which relief may be granted; or
>> (iii) seeks monetary damages against a defendant who is immune
>> from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact."  Reeves v. Collins, 27

F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the

Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory,

but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those

claims whose factual contentions are clearly baseless."  Neitzke v. Williams, 490 U.S. 319, 327

(1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

Although broadly construing plaintiff's complaint,[3] the undersigned finds that the complaint should be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

## II.  42 U.S.C. § 1983

Plaintiff filed this lawsuit on a complaint form to be used by prisoners bringing civil actions pursuant to 42 U.S.C. § 1983.  In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983.  To the extent that plaintiff is in fact seeking relief pursuant to § 1983, his claim fails for the following reasons.

First, the sole defendant named in this lawsuit is the State of Louisiana.  However, a state is not a "person" subject to suit under 42 U.S.C. § 1983.  Will v. Michigan Department of State Police, 491 U.S. 58, 66 (1989); Laxey v. Louisiana Board of Trustees, 22 F.3d 621, 623 n.2 (5th Cir.

---

[3]     The court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

1994); <u>Cronen v. Texas Department of Human Services</u>, 977 F.2d 934, 936 (5th Cir. 1992); <u>Tyson v. Reed</u>, Civ. Action No. 09-7619, 2010 WL 360362, at *3 (E.D. La. Jan. 21, 2010).[4]

Second, the relief plaintiff seeks is a declaration that he has been wrongly convicted and is illegally confined.  That form of relief may not be granted in a civil rights action brought pursuant to § 1983.  "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973); <u>see also</u> <u>Boyd v. Biggers</u>, 31 F.3d 279, 283 n.4 (5th Cir. 1994).

---

[4]    Moreover, any § 1983 claim against the state is also barred by the Eleventh Amendment. The United States Supreme Court has held:  "[I]n the absence of consent a suit in which the State ... is named as the defendant is proscribed by the Eleventh Amendment.  This jurisdictional bar applies regardless of the nature of the relief sought."  <u>Pennhurst State School & Hospital v. Halderman</u>, 465 U.S. 89, 100 (1984) (citations omitted).  The United States Fifth Circuit Court of Appeals has noted:

> By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court.  <u>See</u> La.Rev.Stat.Ann. § 13:5106(A).
>     Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power.  We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

<u>Cozzo v. Tangipahoa Parish Council-President Government</u>, 279 F.3d 273, 281 (5th Cir. 2002) (quotation marks and citations omitted).

### III.  *Habeas Corpus*

To the extent that the instant civil rights complaint may be construed in part as a *habeas corpus* petition, the Court further notes that plaintiff is not entitled to relief for the following reasons.

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a petitioner normally must first exhaust his remedies in state court before seeking *habeas corpus* relief from the federal courts.  The United States Fifth Circuit Court of Appeals has held:

> [A] claim is not exhausted unless the habeas petitioner provides the *highest state court* with a "fair opportunity to pass upon the claim," which in turn requires that the applicant "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts."

Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999) (quoting Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988)) (emphasis added).  A federal court may raise *sua sponte* the lack of exhaustion. Magouirk v. Phillips, 144 F.3d 348, 357 (5th Cir. 1998); see also Tigner v. Cockrell, 264 F.3d 521, 526 n.3 (5th Cir. 2001); Shute v. Texas, 117 F.3d 233, 237 (5th Cir. 1997).

On August 25, 2010, a staff member of this Court confirmed with the Clerk of the Louisiana Supreme Court that plaintiff has filed no applications with that court.  Therefore, plaintiff has not met the exhaustion requirement by giving that court a fair opportunity to pass upon his claim. Accordingly, he is not currently entitled to federal *habeas corpus* relief.[5]

---

[5]   Of course, plaintiff is not precluded from filing a timely application for federal *habeas corpus* relief in the future once he has exhausted his state court remedies.

5

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's 42 U.S.C. § 1983 claim be **DISMISSED WITH PREJUDICE** as frivolous and for otherwise failing to state a claim on which relief may be granted.

It is **FURTHER RECOMMENDED** that plaintiff's federal *habeas corpus* claim be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[6]

New Orleans, Louisiana, this fifth day of October, 2010.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[6]   Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.

6